PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al. MORTON TRUST CO. v. METROPOLITAN ST. RY. CO. (two cases). GUARANTY TRUST CO. v. SAME.

(Circuit Court, S. D. New York.  August 10, 1909.)

Nos. 2–9, 2–33, 2–149, 3–37.

STREET RAILROADS (§ 58*)—RECEIVERS—OPERATION OF PROPERTY.

In the operation by a court, through its receivers, of an extensive system of street railroads, expenditures necessary to maintain adequate public service on the entire system must be made by the receivers on the assumption that the property will continue to be devoted to such use.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 135; Dec. Dig. § 58.*]

In Equity.  Petition of receivers for instructions with reference to expenditures upon carhouses at Lenox avenue and 146th street and elsewhere.

See, also, 170 Fed. 626.

Masten & Nichols, for receivers.
Davies, Stone & Auerbach, for Guaranty Trust Co.
Bronson Winthrop, for Morton Trust Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.

LACOMBE, Circuit Judge.  This application for instructions was induced by a letter to the receivers from the Morton Trust Company, dated June 24, 1909, protesting against further expenditures on these carhouses save such as may be necessary for maintenance and preservation, and especially against their further improvement for railroad uses.  The facts are sufficiently set forth in the petition.

The mortgage to the Morton Trust Company covers the entire property of the Metropolitan Street Railway Company of every kind and description.  When it was executed that property was devoted to the service of an aggregation of street railroads in this city operated as a unitary system.  The protest of the trust company apparently contemplates a disruption of this system and the future appropri-

ation of the various enumerated parcels of real estate to general commercial purposes. It does not seem that either the receivers or the court can now act on such an assumption. It must be presumed that the several railroads now in receiver's possession will in the future, as in the past, be operated either by the parties now interested or by the purchaser at foreclosure sale, so as to render the public service for which they were created. If some special items of work now under way were shown to be of such a character as to be of no benefit to the property as a railroad system, they might be suspended; but no such are indicated, and the expenditures of the receivers necessary to put the system into proper condition to render efficient public service are apparently in the line of the instructions given immediately after their appointment. 157 Fed. 443.

All questions as to distribution of expenses as affecting the respective liens of the two mortgages will be disposed of as they come up, either before the master or the court in proceedings now in progress; but the court now finds no grounds for instructing the receivers not to use the income coming into their hands from the operation of the system for the purpose of putting it into a thoroughly first-class condition.